## Thomas McLarney *v.* John Pettigrew.

A mere license to insert beams into the wall of a house, is not an "interest in lands," the conveyance whereof is required by the statute of frauds, to be in writing.

Where a parol agreement to grant such license has been acted upon, by inserting the beams, the party who has obtained the permission is liable upon his promise to pay therefor, on the ground that the contract has been partly executed and thereby made binding, although the grant were such as the statute requires to be in writing.

APPEAL from a judgment against the defendant, entered upon the report of PHILO T. RUGGLES, Esq., referee. The action was to recover the alleged consideration for a parol license, granted by the plaintiff, to insert, into the wall of his house, the beams of a building in course of erection by the defendant.

It was alleged in the answer that the plaintiff had promised, not only to grant the license, but that the wall should be maintained perpetually as a party wall, with certain covenants in

relation thereto.   No proof, however, was offered to sustain this allegation, the defendant relying upon his objection to the validity of the agreement, under the statute of frauds.

After the conversation in which the license was averred to have been given, the defendant inserted the beams of his building into the plaintiff's wall.   Being applied to, he promised to pay for the permission, when "the papers" should be brought to him.   A written license was afterwards tendered, which the defendant refused to receive, stating that it was "not drawn up right."

*Abraham B. Millard*, for the defendant.

*Richard H. Bowne*, for the plaintiff.

By the Court.   Ingraham, First J.—The facts, as found by the referee, are that the plaintiff and the defendant, being owners of adjoining lots, agreed that if the plaintiff would give the defendant permission to insert the beams of his house which he was about erecting, into the wall of the plaintiff's house, the defendant would pay to him $100 therefor.   That the plaintiff did allow the said defendant to insert his beams in the wall and that the agreement was not in writing.

The referee reported for the plaintiff, and the defendant now asks to set aside the report on the ground that the contract was void under the statute of frauds.

There is nothing in the contract giving the defendant any interest in the land.   Whenever the wall shall be removed, the plaintiff's title to the land will remain unimpaired and the defendant would have no claim to rebuild the wall on the plaintiff's lot or to use any other wall the plaintiff might build.   (4 Sand. S. C. R. p. 480).   It is a mere license to insert the beams in the present wall, without any interest in the land on which the wall stands. (6 Hill, 61 ; 3 Kent's Com., 452 ; 2 Selden, 279.) A license of this kind is not within the statute.   The evidence also shows an execution of the agreement, and a promise to pay for the permission granted, if the papers were brought, and that the

papers were so brought, but objected to by the defendant. In what particular, if any, they were objected to, does not appear. Under such a state of facts the defendant would be liable.

The judgment should be affirmed.